IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ISAIAH SMITH, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C.A. _____ |
| | § | |
| BIRDVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT, | § | |
| *Defendant.* | § | |

### FIRST ORIGINAL COMPLAINT

**NOW COMES** Isaiah Smith, (hereinafter referred to as "Isaiah" or "Plaintiff"), by and through his attorney Martin J. Cirkiel from the law firm of Cirkiel & Associates, P.C., and bring this, his *First Original Complaint* alleging that the Birdville Independent School District (hereinafter referred to as "Birdville", "the District" or "Defendant") violated the various rights of Isaiah Smith, as more specifically pled herein. Plaintiff reserves the right to re-plead if new claims and issues arise upon further development of the facts, and as permitted by law. In support thereof, Plaintiff respectfully shows the following:

### I. PROLOGUE

1.  There is not a week, often even a day, that goes by where there is not some story on the news, on the internet or in a magazine about the plight of a young person, especially those with disabilities or being perceived as gay, being bullied and harassed at schools. Frankly, it is a national epidemic. Unlike a strain of flu which can easily be treated or combated with a vaccine, this type of epidemic is particularly difficult to treat because a school district itself, as it is in Isaiah Smith's situation, is part of the illness.

2.  Some of the children who are victimized by bullies become violent in their own effort to lash

out against their tormentors. The vast majority of students who are bullied at school suffer in silence, attending school each with the simple hope and prayer that they simply, will be left alone. It is well-known across the professional education community that those who are not left alone, and continue to be victims of bullying and harassment, unfortunately turn their rage inward. They become angry, then depressed and often suicidal, just like what has occurred with Isaiah Smith.

3. For the child and families, there is nothing more disturbing than knowing your children was a victim of discrimination, that you complained about and essentially nothing was done. To give meaning to their experience, they feel compelled to tell their story. They feel a duty to do so in the hope the presentation of their story will prevent the same from happening to another child and another family. In the course of this telling, these victims benefit from a healing effect. The healing and empowerment is even more pronounced, when the effort to tell their story is before a Federal Judge and in Federal Court, where the bright light and sanitizing effect of federal law and the Judge's gaze is forced to shine upon the issue, as Isaiah Smith has chosen in his case.

## II. BRIEF INTRODUCTION TO THE CASE

4. While a student at Birdville ISD, Isaiah Smith was subjected on almost a daily basis, and on numerous occasions during the day, to bullying because of his sexual orientation.

5. Isaiah made several and repeated reports to school officials about the harassment, bullying and assaults he endured. Nevertheless, school officials failed to fully address his concerns as required by law and by the school board's own policies.

6. Isaiah asks that his injuries be addressed and remedied, due to the acts and omissions of the District and the discrimination Isaiah experienced. Such discrimination was based upon

gender, gender stereotypes and sexual orientation. As such, Plaintiff brings forth this lawsuit pursuant to 20 U.S.C. §§ 1681-1688, (Title IX, Education Amendments of 1972).

## III. JURISDICTION

7. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §§ 1331 and 1343 because the matters in controversy arise under the laws and rules of the United States as noted above.

## IV. VENUE

8. Under 28 U.S.C. § 1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiff's claims occurred in the Northern District of Texas and in the Fort Worth Division.

## VI. PARTIES

9. Isaiah Smith is a citizen of the State of Texas and whose address is P.O. Box 163411, Fort Worth, Texas, 76161. At all pertinent times relevant to this lawsuit, Isaiah was a pupil in the Birdville Independent School District.

10. Defendant Birdville Independent School District is a school district organized under the laws of the State of Texas and at all times is required to follow the policies and procedures as set forth by the School Board. District personnel are thus responsible for the care, management and control of all public school business within its jurisdiction as to Plaintiff Isaiah Smith, the training of teachers at the School as to safety, supervision of students within the district, and for the course of study. They may be served by and through Birdville Independent School District's Superintendent, Dr. Daryl G. Brown, at 6125 East Belknap Street, Halthom City, Texas 76117 and Plaintiff reasonably believes will answer by and through their counsel, the Honorable D. Craig Wood at Walsh, Anderson, Brown, Gallegos & Green, P.C., 100 NE Loop 410, Suite 900, San Antonio, Texas 78216.

## VII.  STATEMENT OF FACTS

A.   **ABOUT ISAIAH SMITH**

11.   Isaiah Smith is now 20 years old, having been born on May 16, 1995.

12.   Isaiah Smith attended Birdville ISD and during his time there, was subjected on almost a daily basis, and on numerous occasions during the day, to bullying because of his sexual orientation.  In short, Isaiah was incessantly bullied, harassed and assaulted because he identifies as a gay male.

B.   **ISAIAH SMITH WAS A VICTIM OF BULLYING AND HARASSMENT**

13.   On January 1, 2013, Isaiah made a report to school officials regarding being called extremely derogatory names in the cafeteria, including the word "faggot" by fellow student, Nicole G. This same student had called Isaiah a faggot multiple times before that incident. On every occasion when Isaiah was called a faggot, he was of course humiliated and upset.

14.   On January 6, 2013, Isaiah made a report to school officials about a baseball player who, at the time of this incident, was a student at Birdville High School named Kaleb W. When Isaiah was walking home from school, Kaleb W. threw a baseball at him and screamed "You're gay." Isaiah was not only extremely embarrassed , but was also extremely afraid to continue to walk home out of fear of being hit by others for no reason other than for his sexual orientation.

15.   The above incident was not the first time that the baseball team made fun of Isaiah because of his sexual orientation when he was walking home from school.

16.   On January 14, 2013, Isaiah made a report to school officials regarding abusive and sexist comments that a student in Coach John Love's class made about him. The student, Ryan, made sexist comments about gay people and referred to gay individuals as "faggots". The

student also commented about how he did not want a gay person to join the baseball team, that he does not want "them to see my dick" and that gay people need to stay in the closet. Isaiah's written report also states how comments like these make gay people want to commit suicide.

17. Also on January 14, 2013, Isaiah made a report to school officials regarding a student repeatedly calling him a faggot.

18. On February 6, 2013, Isaiah made a report to school officials regarding abusive, degrading and humiliating treatment he received for allegedly looking at another male. A female student had spread a false rumor that Isaiah had been looking at her boyfriend, Trent. From then on, whenever Isaiah came into Trent's vicinity, Trent would make rude and derogatory comments about Isaiah's sexual orientation and about gay individuals in general. Isaiah reported Trent on a minimum of five different occasions for harassing Isaiah in the hallway about his sexual orientation. Isaiah made these reports directly to Assistant Principal Hopper.

19. On October 16, 2013, Isaiah reported that a student, J'Vante G., kept stating that Isaiah would get shot if he became the President of the United States and that he was going to shoot President Barack H. Obama. That student also repeatedly told Isaiah that he cannot be both a "homosexual" and "Christian." That student made other degrading comments that were in regard to Isaiah's sexual orientation.

20. On October 17, 2013, Isaiah made a report to school officials regarding student J'Vante G. who on a repetitive basis told Isaiah to kill himself. That student also on a repetitive basis called Isaiah a "queer" when he was alone and in front of his peers and told him nobody likes him. That student also on a repetitive basis told Isaiah that he wanted to punch and hit

Isaiah badly, that he needs to 'get the fuck away from him' and that Isaiah walks and talks funny. This student had also on at least one ocassion assaulted Isaiah with his shoulder. In the report that Isaiah made to school officials, he stated that the student on a "daily basis" bullies him and threatens him. Isaiah made numerous reports to school officials regarding that student.

21.   October 28, 2013, Isaiah brought his bible to Spanish class due to the anti-gay harassment he was encountering. Isaiah was told on a dailiy basis in his classes that being gay was a sin and that 'gays go to hell'. In response, Isaiah finally decided to bring his Bible to school for the purpose of showing the bullies why he did not believe it condemns gay persons. Isaiah believes that the Bible is a tool that Christians are supposed to use, so that they can be guided spiritually, physically, mentally and psychologically. As soon as Isaiah began getting bullied by classmates in his first period class on Monday, he reached for his Bible and tore out the pages containing the book of Leviticus, among other scriptures. Moments later, the Assistant Principal, Glenn Serviente, told Isaiah to follow him to his office. Isaiah told Serviente about the bullying and harassment he was experiencing.  Mr. Serviente, citing *Tinker v. Des Moines School District*, told Isaiah that tearing the Bible created a disruption, (but oddly enough, failed to find the bullying Isaiah had to endure as a problem). Isaiah responded that he would not tear pages from his Bible in the future, but asked if he could still carry it.  Serviente said that he could continue to carry the Bible, so long as he did not tear it. He made Isaiah stay in his office until the school bell rang.

22.   Isaiah then carried the Bible in his hand for the remainder of the day without any disruption. Isaiah continued to carry the same Bible on Tuesday without any resulting disruption. However, when Isaiah brought the same book to school on Wednesday, also without any

resulting disruption, Serviente called him into his office and immediately began to reprimand Isaiah. He asked Isaiah, "how would Muslims feel if a student was tearing up the Qur-an?" He proceeded to suspend Isaiah from school and demanded that Isaiah give him the Bible. Isaiah refused, informing Serviente that he did not tear the Bible since being told on Monday that he could not do so. Serviente clarified that Isaiah was suspended for merely carrying a ripped Bible at school. Serviente proceeded to remove the Bible from Isaiah's possession without permission and slammed it on his desk. Serviente then extended Isaiah's one day suspension to three days.

23. Subsequently, The Appignani Humanist Legal Center sent the District a "cease and desist letter" regarding the violations of Isaiah's First Amendment rights. Soon thereafter, the District gave Isaiah back his bible and expunged his suspension. However, the bullying of Isaiah was never addressed and the individuals who bullied Isaiah were once again never punished.

24. On November 4, 2013, Isaiah made a report to school officials of a student, Hannah A., physically assaulting him in the hallway. Student James R. witnessed the assault and gave school officials a statement supporting Isaiah's statements.

25. On November 22, 2013, Isaiah made a report to school officials of student, Hannah A., bullying him. Hannah A. restricted Isaiah's movement blocking him from leaving the room with her body. Isaiah believed at the time that the student was going to assault him like she had previously done before. Student Rebecca witnessed the incident and gave a statement for school officials regarding the incident. Isaiah's written report states in part, "this is the second time she has put her body parts onto me and I would like it to stop."

26. On December 19, 2013, Isaiah made a report to school officials regarding a student making

offensive comments and threats regarding President Barack Obama and Isaiah in Coach Larry Meek's classroom. Student Micela C. stated that she hoped the President would get shot, that she believes the President will get shot and that Isaiah will get shot when he runs to become President. Isiah's written report also states that this student had told him on several previous occasions that Isaiah will get shot. This student on a regular basis told Isaiah that being gay was a sin and that she thought that men being attracted to him was disgusting.

27. On February 27, 2014, Isaiah reported to school officials that he was harassed and assaulted by baseball players because of his sexual orientation. It had become typical that baseball players treated Isaiah as inferior and harassed him based on his sexual orientation. On this day, Isaiah was asked, "What are you looking at?" and then was told to "Fuck off". While bearing a bat in his hands, the baseball player also told Isaiah that he was going to beat him up. Isaiah's written report also states that this student stares at him in the hallway 'as if he hates [him]'.

28. During Isaiah's time at the District, he was bullied hundreds of times and felt as if the school was deliberately indifferent to his complaints. The school was aware of his sexual orientation and refused to stop the bullying and the harassment that he was going through.

29. Isaiah spoke numerous times to Cindy Larson (counselor at Birdville High School), Jason Wells (Principal at Birdville High School), Assistant Principal Hoper, Assistant Principal Serviente, Nancy Allen (Crisis counselor and now officially the "Student Assistance Counselor", his junior year Crisis counselor, Crisis Counselor, Ann Newhouse, and other school officials regarding bullying and harassment that he had been through regarding my sexual orientation.

30. Despite the numerous reports Isaiah made to the District, Isaiah's bullying was never investigated at his bullies were never reprimanded or otherwise dealt with.

31. Isaiah was ultimately hospitalized at Millwood Hospital due to depression he experienced while a student at Birdville High School.

## VIII. STATE ACTION

32. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

33. The District, in any capacities and in all matters, were acting under color of state law when they permitted Plaintiff to be subjected to the wrongs and injuries set forth herein.

## IX. CLAIMS PURSUANT TO 20 U.S.C. §§ 1681-1688 AND TITLE IX OF THE EDUCATION AMENDMENTS ACT OF 1972

34. Plaintiff incorporates by reference all the above related paragraphs above with the same force and effect as if herein set forth.

35. In addition and in the alternative to Plaintiff's above claims, Plaintiff contends the School District, acting under color of law and acting pursuant to customs and policies of the district, deprived Plaintiff of rights and privileges secured to him by Title IX of the Education Amendments Act of 1972 and by other laws of the United States by discriminating against him on the basis of gender, gender stereotypes and sexual orientation.

36. The acts and omissions of the school district deprived Plaintiff of his right to not be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance, on the basis of his gender, gender stereotypes or sexual orientation for which the School District Defendant is liable to Plaintiff pursuant to 20 U.S.C §1681-1688 for compensatory damages.

## X. RATIFICATION

37. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

38. The District ratified the acts, omissions and customs of school district personnel and staff.

39. As a result, the District is responsible for the acts and omissions of staff persons who were otherwise responsible for the safety of Isaiah Smith.

## XI. PROXIMATE CAUSE

40. Plaintiff incorporates by reference all the above related paragraphs with the same force and effect as if herein set forth.

41. Each and every, all and singular of the foregoing acts and omissions, on the part of the School District, taken separately and/or collectively, jointly and severally, constitute a direct and proximate cause of the injuries and damages set forth herein.

## XII. DAMAGES

42. Plaintiff incorporates by reference all the above-related paragraphs with the same force and effect as if herein set forth.

43. As a direct and proximate result of the School District's conduct, Isaiah has suffered injuries and damages, for which he is entitled to recover herein within the jurisdictional limits of this court, including but not limited to:

    a. Physical pain in the past;

    b. Medical expenses in the past;

    c. Mental anguish in the past;

    d. Mental anguish in the future;

    e. Mental health expenses in the past;

    f.      Mental health expenses in the future;

    g.      Physical impairment in the past, and

    h.      Various out-of-pocket expenses incurred on behalf of Isaiah by and through his family;

all but for the acts and omissions of the School District.

### XIII. ATTORNEY FEES

44. Plaintiff incorporates by reference all the above related paragraphs, as if fully set forth herein.

45. It was necessary for Plaintiff to retain the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiff is entitled to an award of attorney fees and costs pursuant to Title IX and pursuant to 42 U.S.C. §2000d et seq.

### XV. EQUITABLE RELIEF

46. Plaintiff respectfully requests the Court considering ordering the School District to:

    a.      Adopt an anti-bullying and harassment program that is provided by a third-party, like the Anti-Defamation League or the Southern Poverty Law Center;

    b.      Adopt policies, procedures, and practices commensurate with the Dear Colleague Letter, dated October 26, 2010, from the United States Department of Education Office for Civil Rights to include but not be limited to:

          i.      the provision of school assemblies and instruction on bullying;

          ii.     addressing bullying and harassment based upon disability or race or gender or common stereotypes that accompany those subjects in classroom intervention settings;

          iii.    conducting an assessments at each campus;

    iv.  forming a prevention coordination team at each school;

    v.  including language specifically identifying bullying and harassment based upon disability or race or gender and common stereotypes that accompany those subjects in the school rules and student handbook;

    vi.  develop a strategy to prevent such bullying or harassment in hot spots;

    vii.  post signs in classrooms prohibiting bullying and harassment and listing its consequences; and

    viii.  provide a place and manner of confidential reporting and encouraging students to help classmates who are being bullied and harassed and to report such bullying and harassment;

  c.  That for the next three years the District provide for a school-safety coordinator for each Campus, so as to assure that the program is enacted comprehensively;

  d.  That the District retain a neutral third party to complete a bullying assessment for each campus and have that person or entity report back to the President of the School Board and Superintendent so the District may address any issues noted in the assessment;

  e.  That staff receive "Diversity training" by a third party to include information about gender, race, and disability stereotypes;

  f.  That the school provide a marker in the school library, where books and other materials would be made available to students dealing with bullying harassment, and related emotional concerns and issues related to gender, race, and disability along with common stereotypes that accompany those subjects;

  g.  That Anti-bullying month be recognized by the District;

      h.      That the school district help facilitate the provision of counseling services for students deemed to be at risk; and

47.      That the School Board appoint a committee including interested members of the public to address the issues noted herein, report back to the Board and act accordingly.

## XVI. DEMAND FOR JURY TRIAL

48.      Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all issues in this matter.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays for judgment against the District in the manner and particulars noted above, and in an amount sufficient to fully compensate them for the elements of damages enumerated above, judgment for damages, recovery of attorney's fees and costs for the preparation and trial of this cause of action, and for its appeal if required, pursuant to Title IX, 42 U.S.C. §1988 and 42 U.S.C. § 2000d et seq.; together with pre- and post-judgment interest, and court costs expended herein, as well as the equitable issues noted above; and for such other relief as this Court in equity, deems just and proper and for such other relief as the Court may deem just and proper in law or in equity.

Respectfully submitted,

Cirkiel & Associates, P.C.

*/s/ Martin J. Cirkiel*
Mr. Martin J. Cirkiel, Esq.
1901 E. Palm Valley Boulevard
Round Rock, Texas 78664
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com [Email]
Fed. ID No. 21488
State Bar No. 00783829
**ATTORNEYS FOR PLAINTIFF**